**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-2419**

———————————

SOLOMON GEBREMESKEL,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-340-423)

———————————

Submitted: June 30, 2004          Decided: July 16, 2004

———————————

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Aragaw Mehari, Washington, D.C., for Petitioner. Peter D. Keisler,
Assistant Attorney General, Terri J. Scadron, Assistant Director,
Don G. Scroggin, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Solomon Gebremeskel, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Gebremeskel challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Gebremeskel fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the immigration judge's denial of Gebremeskel's request for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Because Gebremeskel fails to show that he is

eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that Gebremeskel fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We find that Gebremeskel fails to make the requisite showing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED